UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUE ELLEN MCCONIHA,                       Case No. 1:15-cv-101

       Plaintiff,                                  Barrett, J.
                                                  Bowman, M.J.

   v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Sue McConiha filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents five claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be REVERSED and REMANDED because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On July 2011 and December 2012, respectively, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) alleging a disability onset date of June 23, 2011, due to physical and mental impairments.[1] (Tr. 21, 218, 223, 241). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge.

---

[1] Plaintiff filed a prior application for disability benefits in December 2007. On June 22, 2011, ALJ Sheard denied Plaintiff's application, finding that she was capable of performing a range of sedentary work with non exertional limitations, similar to those found by the state agency evaluators in the instant action outlined below. (Tr. 85-105).

1

("ALJ"). On May 20, 2013, ALJ John Kelly held an evidentiary hearing at which Plaintiff appeared with a non-attorney representative. The ALJ heard testimony from Plaintiff, medical expert, David Lorber, M.D., and impartial vocational expert George Parsons. (Tr. 37-84 ). On August 16, 2013, the ALJ denied Plaintiff's applications in a written decision. (Tr. 18-36).

Plaintiff was born in 1969 and was 44 years old at the time of the date of the ALJ's decision. She attended two years of college and previously worked as a cashier, customer service representative, and motel clerk. (Tr. 242). She alleges disability primarily due to obesity, upper and lower back pain, heart problems, migraine headaches, seizures, and depression. Plaintiff's date last insured under the Social Security Act is March 31, 2012. (Tr. 234-35).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity, degenerative disc disease of the lumbar spine, a thoracic compression fracture, a seizure disorder, and depression." (Tr. 23). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform light work as follows:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit 6 hours a workday, and can stand and/or walk 4 hours a workday with normal breaks. She can frequently crouch, stoop, and bend. She should not work around concentrated vibrations. She can frequently operate foot pedals. She should not climb ladders, ropes, and scaffolds. She should not work around extreme cold, heat, fumes, gases, odors, and the like. She has no manipulative limitations. She should not have more than occasional contact with the public or supervisors.

2

(Tr. 25-26). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that while Plaintiff is unable to perform her past relevant work, significant other jobs exist in the national economy that Plaintiff could performed including collator operator, photo copy machine operator, shipping/receiving clerk and general office clerk. (Tr. 30). Accordingly, the ALJ determined that Plaintiff is not under disability as defined in the Social Security Regulations, and is not entitled to DIB and or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by: 1) improperly evaluating Plaintiff's mental impairments; 2) improperly weighing the opinion evidence; 3) failing to give controlling weight to Plaintiff's treating physicians; 4) improperly evaluating Plaintiff's credibility; and committing various vocational errors. Upon close analysis, I conclude that Plaintiff's first assignment of error is well-taken and dispositive. For the reasons explained below, the undersigned herein recommends that this matter be remanded for further fact-finding.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1)

3

performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work;

4

and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's Evaluation of Plaintiff's Mental Impairments Is Not Supported by Substantial Evidence**

Plaintiff argues first that the ALJ failed to properly evaluate her depression and anxiety and failed to provide sufficient rationale for Plaintiff's mental RFC. More specifically, Plaintiff asserts that the ALJ erred in his consideration of the findings of her treating therapist. Plaintiff's contentions are well-taken.

As noted above, at step-two of the sequential evaluation, the ALJ determined that Plaintiff's depression was a severe impairment. (Tr. 23). Citing the findings of the medical expert Dr. Lorber, the ALJ then determined that Plaintiff's mental impairments did not meet Listing 12.04, the listing for anxiety disorders. In so concluding, the ALJ considered the paragraph B criteria and determined that the evidence showed that Plaintiff's mental impairments result in "no more than mild limitations in activities of daily living, no more than mild to moderate limitations in social functioning, and no more than

5

mild limitations in concentration persistence and pace, with no episodes of decompensation…." (Tr. 25). Thereafter, the ALJ found that Plaintiff must perform work that does not require her to have more than occasional contact with the public or supervisors. (Tr. 26).

In making this determination the ALJ relied on the assessments of the state agency psychologists. Notably, in September 2011, Plaintiff was seen for a consultative evaluation with clinical psychologist Jennifer Stoeckel, Ph.D., at the request of the state agency. (Tr. 597-603). Dr. Stoeckel diagnosed mood disorder, post-traumatic stress disorder and alcohol dependence "reportedly in remission." (Tr. 601). With regard to functional limitations, Dr. Stoeckel concluded that Plaintiff was "expected to be able to understand and follow instructions in a work setting requiring average intellectual abilities;" that she "appears capable of simple to multi-step activities;" that she "would likely require occupations that do not require much public contact or direct supervision;" and that she would not respond well to stress. (Tr. 602-603).

In October 2011, psychologist Aracelis Rivera, Psy.D., completed a review of Plaintiff's medical records for the state agency. (Tr. 112-119). Dr. Rivera determined Plaintiff had mild limitations in activities of daily living; moderate limitations maintaining social functioning; moderate limitations maintaining concentration, persistence or pace; and no episodes of decompensation. (Tr. 114). Dr. Rivera opined that Plaintiff could "work at a job that does not require much public contact or direct supervision," and with a work setting where there were only "infrequent changes." (Tr. 118-119). In January 2012, after a separate review, Bruce Goldsmith, Ph.D., concluded that Plaintiff was "limited to simple to moderately complex tasks that are not fast paced or have strict

6

demands" and in a setting with infrequent changes. (Tr. 132-134). He also opined that she could "work at a job that does not require much public contact or direct supervision," and that she was "limited to occasional and superficial interpersonal contact." (Tr. 133).

Plaintiff argues that the ALJ failed to properly evaluate the evidence relating to Plaintiff's mental RFC. Specifically, Plaintiff contends that the evidence of record establishes that she has at least moderate limitations in concentration, persistence or pace. The undersigned agrees.

When a claimant claims disability from a mental impairment, an ALJ must rate the degree of functional limitation resulting from that impairment with respect to "four broad functional areas," including: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a(b)(2), (c)(3). These four areas are commonly referred to as the "B criteria." *See Rabbers v. Comm'r of Soc. Sec. Admin.,* 582 F.3d 647, 653 (6th Cir.2009) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 et seq.).

In this case, the ALJ rated Plaintiff's functional impairment in each of the four "B criteria" areas before concluding that Plaintiff did not meet or equal Listing 12.04. The ALJ determined that the evidence showed that Plaintiff's mental impairments result in "no more than mild limitations in activities of daily living, no more than mild to moderate limitations in social functioning, and no more than mild limitations in concentration, persistence and pace, with no episodes of decompensation…." (Tr. 25). Thereafter, the ALJ found that Plaintiff must perform work that does not require her to have more than occasional contact with the public or supervisors. (Tr. 26).

7

>Notably, in his decision the ALJ also states:
>
>>State agency evaluators, Dr. Goldsmith and Dr. Rivera find mild limitations in activities of daily living, **moderate** limitations in social functioning and **moderate** limitations in concentration persistence and pace with no episodes of decompensation. Specifically, the claimant is limited to simple moderately complex tasks that are not fast paced or have strict demands. She can work at a job that does not require much public contact or direct supervision. She can function in a setting with infrequent changes.

(Tr. 29)(emphasis added).

The ALJ assigned great weight to these assessments, yet, he did not adopt their findings relative to Plaintiff's moderate limitation in concentration, persistence or pace. Furthermore, the ALJ failed to provide sufficient rationale for this determination. In this regard, citing to the findings of Dr. Stoeckel, the ALJ noted that Plaintiff complained of problems with memory, concentration, and focus, but did not exhibit such problems on examination. However, Dr. Stoeckel also found that Plaintiff would have problems dealing with stress. (Tr. 603). Dr. Stoeckel's assessment does not directly address Plaintiff's ability to sustain work activity and/or the required pace in a work setting. As such, the undersigned finds that the ALJ's determination that Plaintiff was only mildly limited in concentration, persistence or pace is not supported by substantial evidence.

Furthermore, the ALJ cited to the testimony of Dr. Lorber in finding that Plaintiff did not meet the requirements for Listing 12.04. However, Dr. Lorber, is a board certified orthopedist. He is not a mental health professional. Accordingly, to the extent the ALJ relied on his testimony in determining that Plaintiff did not meet the requirements of List 12.04, such a determination is not substantially supported. As such, further fact-finding is needed in order to properly evaluate Plaintiff's mental impairments.

8

Plaintiff also argues that the ALJ failed to consider the evidence from LifePoint, where Plaintiff was treated by therapist, Courtney Mcfable MSW. Notably, on August 9, 2013, Ms. Mcfable, completed a functional assessment of Plaintiff's work-related limitations due to her mental impairments. (Tr. 775). Ms. Mcfable noted that Plaintiff "reported issues with concentration" and she was diagnosed with PTSD "which may make difficult at times working with others." (Tr. 775). She further determined that Plaintiff had a poor ability to deal with the public and maintain attention/concentration. (Tr. 775). She had fair abilities in 8 of the 15 categories, a good ability to use judgment, behave in an emotionally stable manner, and demonstrate reliability, and she had no limitations maintaining personal appearance and following work rules. (Tr. 775-777).

While social workers are not "acceptable medical sources" whose opinions can establish whether a claimant has a "medically determinable impairment[,]" 20 C.F.R. § 404.1513(a), their opinions, as "other sources," may be used by an ALJ "to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. § 404.1513(d); *see also Cruse v. Comm'r of Soc. Sec.,* 502 F.3d 532, 541 (6th Cir.2007). Other source opinions are entitled to consideration by an ALJ, and an ALJ's decision should reflect such consideration. *Cole v. Astrue,* 661 F.3d 931, 939 (6th Cir.2011); *see also* SSR 06–03p, 2006 WL 2329939, at *6 (Aug. 9, 2006). Notably, SSR 06–03p, provides that opinions from medical sources who are not "acceptable" medical sources should still be considered under the factors set forth in 20 C.F.R. § 404.1527(d)(2), including "how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *See Cruse v. Commissioner of Social Security*, 502 F.3d 532, 541 (6th

Cir.2007) (citations omitted). In other words, an ALJ "should explain the weight given to [such] opinions ... or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06–03p, 2006 WL 2329939, at *6; *see also Cruse,* 502 F.3d at 541.

The Commissioner asserts that because a therapist is not considered an acceptable medical source (20 C.F.R. § 404.1513(a)), an ALJ is not permitted to assign "controlling" weight to it. *See* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *2 (July 2, 1996). The Commissioner asserts that Ms. Mcfable mostly just checked boxes without providing any meaningful explanation or support for her opinions. See *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.")

Such a determination, however, was not made by the ALJ in the first instance. In fact, there is no indication from the ALJ's decision that he considered Ms. Mcfable's assessment nor the treatment notes from LifePoint.[2] As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 845, 877 (N.D.Ohio 2011); see *also Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir.2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate

---

[2] The undersigned recognizes that this evidence was obtained after the administrative hearing, but before the date of the ALJ's decision. In this regard, the ALJ indicated that he was leaving the record open in order to submit this evidence due to the limited evidence relating to Plaintiff's mental impairments. Moreover, the Commissioner does not assert that the ALJ did not receive Ms. Mcfable's assessment. Accordingly, the court must presume that this evidence is properly

decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir.Feb.2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir.1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

While some of the limitations outlined by Ms. Mcfable are arguably accounted for in the ALJ's decision, Ms. Mcfable's findings suggest that Plaintiff's mental impairments result in moderate limitations in concentration, persistence and pace. As noted above, Dr. Rivera and Dr. Goldsmith also found that Plaintiff had moderate limitation in concentration, persistence and pace. As such, the evidence of record strongly suggests that additional accommodations should be included in Plaintiff's mental RFC.

Because the ALJ must reconsider the evidence of record relating to Plaintiff's mental impairments and resulting functional limitations, it is also appropriate for the ALJ to reevaluate Plaintiff's additional alleged errors. (*See* page 3).

### III. Conclusion and Recommendation

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and

---

included in the administrative record.

further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Fauche*r, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher,* 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**: 1) The decision of the Commissioner to deny Plaintiff DIB and SSI benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this Report and Recommendation; and 2) as no further matters remain pending for the Court's review, this case be **CLOSED.**

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SUE ELLEN MCCONIHA, | Case No. 1:15-cv-101 |
| Plaintiff, | Barrett, J. |
| | Bowman, M.J. |
| v. | |
| CAROLYN W. COLVIN, | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).